NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| EDWARD GARCIA, | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 12-6666 (ES) |
| v. | : | |
| | : | OPINION |
| HANWHA SOLARONE USA, INC. and DK KIM, | : | |
| Defendants. | : | |

**SALAS, District Judge**

**I.  INTRODUCTION**

This matter comes before the Court on Defendant Hanwha Solarone USA, Inc.'s ("Defendant" or "Hanwha") Motion for Partial Dismissal of the Complaint.  (Def.'s Mot. for Partial Dismissal, D.E. No. 3).  The Court exercises jurisdiction pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1331.  The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons set forth below, Defendant's Motion for Partial Dismissal is GRANTED.

**II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Court presents a brief recitation of the relevant facts for resolution of the instant motion.  Plaintiff Edward Garcia ("Plaintiff" or "Garcia") is a former employee of Hanwha and served in the position of Director of Marketing and Strategy until his termination.  (Compl. ¶¶ 4, 19, Ex. A to Notice of Removal, D.E. No. 1-1).  Plaintiff filed a Complaint in state court on August 31, 2012, which was removed to this Court on October 22, 2012.  (*Id.*).  In his Complaint, Plaintiff alleges, *inter alia*, that Hanwha favored employees of Korean descent and

1

terminated him in April 2012, because he is not Korean in violation of Title VII of the Civil Rights Act of 1964. (*Id.* at ¶¶ 8, 19, 33).[1]  Notably, however, Plaintiff does not allege any facts relating to exhaustion, *i.e.,* that he filed a charge with the Equal Employment Opportunity Commission ("EEOC") or that he ever received a right to sue letter from the EEOC.

On October 28, 2012, Defendant filed the instant motion for partial dismissal of Plaintiff's Title VII claim.  (D.E. No. 3).

## III. LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)).  A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (internal citation omitted).  In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached [thereto], matters of the public record, as well as undisputedly authentic

---

[1] Plaintiff asserts three counts for alleged violations of the Conscientious Employee Protection Act ("CEPA"), N.J.S.A. § 34:19-1, *et seq.*, the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. § 10:5-1, *et seq.*, breach of contract and Title VII of the Civil Rights Act of 1964 ("Title VII), 42 U.S.C. § 2000e, *et seq.*  (*Id.* at ¶¶ 24-42).

documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2011).

"[I]f a complaint is subject to a Rule 12 (b)(6) dismissal, a district court must permit a curative amendment, unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.

With this legal framework in mind, the Court next addresses Defendant's motion.

## IV. DISCUSSION

Defendant argues that Plaintiff's Complaint must be dismissed because he failed to exhaust the required administrative remedies. (Br. in Support of Def.'s Mot. for Partial Dismissal of the Compl. ("Def. Br.") 3-4, D.E. No. 3-1). Specifically, Defendant contends that Plaintiff did not file a timely EEOC charge regarding his April 2012 termination, and, therefore, this Court should dismiss Plaintiff's Title VII claim *with prejudice*. (*Id.* at 4). Defendant maintains that the dismissal must be with prejudice because Plaintiff "cannot cure this deficiency by filing a charge *after* the civil action has commenced." (Reply Ltr. Mem. ("Reply Ltr.") 1, D.E. No. 6 (emphasis in original) (citing *Longoria v. N.J.*, 168 F. Supp. 2d 308, 314-15 (D.N.J. 2001)).

Plaintiff acknowledges that a dismissal is proper at this time but contends that the "dismissal must be without prejudice" because Plaintiff "still has a significant amount of time in which to pursue an EEOC remedy if he chooses to for violations of Title VII." (Pl.'s Ltr. Mem. in Partial Opp. 1 ("Pl. Ltr."), D.E. No. 5). Although Plaintiff's Complaint alleges that he was terminated in April 2012, Plaintiff now claims that his claim did not accrue until May 2012.[2] (*Id.*; Compl. ¶ 33).

---

[2] "In evaluating a motion to dismiss, [the Court] may consider documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice,

It is well-settled that before a plaintiff may bring an action under Title VII, a complainant must comply with the procedural requirements set forth in 42 U.S.C. § 2000e–5. *Bey v. State of N.J.*, No. 11-5589, 2012 WL 3647431, at *2 (D.N.J. Aug. 23, 2012). Specifically, a complainant must first file a charge with the EEOC within 180 days of the alleged unlawful employment action before instituting a civil action. *See* 42 U.S.C. § 2000e–5; *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 469–70 (3d Cir. 2001). The 180-day deadline is extended to 300 days when the complainant lives in a "deferral state," such as New Jersey. *See* 42 U.S.C. § 2000e–5(e)(1); *Cardenas v. Massey*, 269 F.3d 251, 255 n.2 (3d Cir. 2001). "The purpose of requiring exhaustion is to afford the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court." *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996). The EEOC must then investigate the charge within 180 days and notify the complainant of its resolution. *See* 42 U.S.C. § 2000e–5(f)(1); *Burgh*, 251 F.3d at 470. If the EEOC finds no reason to take action, it must notify the complainant through a right-to-sue letter. *Id.*[3] Once a complainant receives the right-to-sue letter, he or she has 90 days to bring a private action. *Id.* A plaintiff's "[f]ailure to exhaust administrative remedies, while not a jurisdictional defect, is a ground to dismiss a case for failure to state a claim." *Devine v. St. Luke's Hosp.*, 406 F. App'x 654, 656 (3d Cir. 2011) (citing *Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 87–88 (3d Cir. 1999)).

In the instant matter, Plaintiff's Complaint alleges that his employment was terminated in April 2012. (Compl. ¶ 33). The Complaint does not, however, allege facts as to whether the

---

matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (internal quotations omitted). The Court may not, however, permit a party to amend its pleadings by attaching exhibits to its opposition brief. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (stating that "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss") (internal quotations omitted). Therefore, this Court evaluates this motion with April 2012 as the alleged date of termination.

[3] If the EEOC has not resolved the matter after 180 days, the complainant may also request a right-to-sue letter. *Id.*

Plaintiff exhausted his administrative remedies. Therefore, the Complaint leaves open the possibility that the Plaintiff could have exhausted his administrative remedies.[4] Based on the absence of pled facts on the issue of exhaustion in the Complaint, and construing these facts in the light most favorable to the Plaintiff, the possibility exists that Plaintiff filed a charge within 300 days of his termination and received a right-to-sue letter.

While it remains to be seen whether Plaintiff will ultimately prevail on the issue of exhaustion of administrative remedies under Title VII, the Court finds that it would be an abuse of discretion to dismiss Plaintiff's Title VII claim *with prejudice* for failure to plead exhaustion without first granting leave to amend. *Gooding v. Warner-Lambert Co.*, 744 F.2d 354 (3d Cir. 1984); *Pizio v. HTMT Global Solutions*, No. 09-1136, 2010 WL 3359524, at *2 (D.N.J. Aug. 25, 2010) (denying reconsideration of a denial of a motion to dismiss for failure to plead exhaustion without first granting plaintiff leave to amend).[5] Plaintiff is instructed to file an amended complaint alleging facts consistent with this opinion. Failure to do so will result in dismissal of his Title VII claim *with prejudice*.

---

[4] The Court recognizes that Plaintiff states in his opposition letter that "such dismissal must be without prejudice as [his] time to pursue relief with the EEOC for Title VII violations has not yet expired," suggesting that Plaintiff may not have filed a charge with the EEOC before November 21, 2012–the filing date of his opposition letter. (Pl. Ltr. 1). However, this Court is only considering the Complaint. *See supra*, at 3 n.2. In an abundance of caution, this Court will not reach the issue of whether the exhaustion requirements would have been satisfied where the pleading is devoid of facts on this issue.

[5] This Court finds that the facts in this case are distinguishable from *Longoria*. While it is true that *Longoria* found that the plaintiff could not file a charge "four months after the initiation of th[e] suit" because the EEOC had not had an opportunity to settle the dispute . . . before it reached th[e] [c]ourt," here, the Complaint does not allege any facts on exhaustion. 168 F. Supp. 2d at 314-15. Additionally, *Longoria* was decided on summary judgment, whereas the Court is confined to a different standard of review on a motion to dismiss. *Id.* at 315.

## V. Conclusion

For the foregoing reasons, Defendant's motion to partial dismissal of Plaintiff's Title VII claim is GRANTED without prejudice. Plaintiff shall have thirty days to file an amended complaint to cure the deficiencies noted above. That is, Plaintiff shall demonstrate to the Court that he has exhausted the administrative remedies. An appropriate order shall accompany this opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**